IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUDYTH HARLAN,

      Plaintiffs,

vs.

JOHNSON & JOHNSON, ET AL.,

      Defendants.

Case No. 14-cv-0418-SMY-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Imerys Talc America, Inc.'s. Motion to Dismiss (Doc. 13). Defendant filed its Motion on April 20, 2015. Plaintiff's response was due on May 26, 2015 and no response has been filed. The Court may, it its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion, and the Court will do so in this case. See Local Rule 7.1(c) (requiring a response to a motion to dismiss be filed 30 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); see also *Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results.").

Defendant Imerys Talc America, Inc. argues that this Court has no jurisdiction over it in this matter. In diversity cases, a district court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). A district court sitting in Illinois must inquire whether the "defendant has certain minimum contact with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

131 S. Ct. 2846, 2853 (2011)).  Personal jurisdiction may be either specific or general.  *Daimler AG*, 134 S. Ct. at 701-03.

Specific jurisdiction arises where an out-of-state "defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that 'arise out of or relate to those activities' *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).  Here, Plaintiff's alleged injuries do not arise out of or relate to Defendant's contacts with Illinois.  As such, this Court lacks specific personal jurisdiction over the claims against this defendant.

General jurisdiction arises over a foreign corporation "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Goodyear*, 131 S. Ct. at 2851.  With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction."  *Daimler AG*, 134 S. Ct. at 760 (quoting Brilmayer *et al*, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

Here, Defendant is not incorporated nor maintains its principal place of business in Illinois.  Further, Defendant's affiliation with Illinois is not "so continuous and systematic as to render" Defendant at home in Illinois.  Accordingly, the Court **GRANTS** Defendant Imerys Talc America, Inc.'s. Motion to Dismiss (Doc. 13).  As no Counts remain pending against this defendant, the Clerk of Court is directed to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  August 28, 2015**                     /s/Staci M. Yandle
                                                 **STACI M. YANDLE**
                                                 **DISTRICT JUDGE**